STATE, Respondent, v. THOMPSON, Appellant.

(180 N. W. 73.)

(File No. 4748.   Opinion filed December 1, 1920.)

1.  **Criminal Law—Venue, Change Of, Statutory Demand for Change Of Judges, Denial of Change Because of Non-prejudice Found After Affidavit and Oral Questioning Considered—Error, Statute Construed.**

Under Sec. 4813, Code 1919, providing that if defendant in a criminal action shall make affidavit that he cannot have an impartial trial by reason of the bias or prejudice of the presiding judge, such judge must call some other judge of circuit court to preside at trial, and that such other judge shall preside at trial, etc., held, that circuit judge of whom statutory demand for change of venue had been made by defendant, but who after considering the affidavits for change of judges and after interrogating defendant as to his acquaintanceship with the judge and being informed by defendant that he never saw trial judge before that morning except when he was before him a few days previously to plead, and that that fact, together with the fact that he, defendant, understood trial judge was "8 or 9 years ago" attorney for a local bank of whose burglary defendant was charged, and that said facts formed the basis on which he made the affidavit, and that he, defendant, believed those facts warranted filing of the affidavit,—erred in finding the affidavit and defendant's statement "so far-fetched, frail and unsubstantial that to act upon it would be committing fraud and imposition upon the courts of this state and the people of South Dakota;" that by the letter of the statute a filing of such affidavit operates to disqualify the presiding judge, and when such affidavit is filed no issuable question is presented as to whether the judge is or not biased or prejudiced; that such has been the law since enactment of Sec. 285, Ch. 35, Laws Dakota Territory 1874-5; and the changed language found in Rev. Code 1919, "the judge of such court must call some other judge," as a substitution for the words of the Territorial Act "may call any other judge," does not change the effect of the statute in this respect; that trial court had no right to interrogate accused as to facts constituting basis for his assertion of bias or prejudice.

2.  **Same—Question of Bias—Prejudice, Whether Defendant's Answering Questions Equivalent of Voluntary Submission of Question of Bias to Court.**

Nor was the fact that defendant answered the court's interrogatories tantamount to a voluntary submission by defendant to trial court of question of bias or prejudice; that defendant's

answers to the questions cannot be regarded as voluntarily given; nor is final outsome of the case (defendant's conviction) to be considered in determining this matter. Trial court's action amounted to a suspension of law, thus transending the statute, and Const., Art. VI, Sec. 21.

Appeal from Circuit Court, Meade County. Hon. James McNenny, Judge.

The defendant, George H. Thompson, was convicted of the crime of burglary with explosives, of a bank, and he appeals. Judgment and order denying a new trial reversed, and cause remanded with directions.

*Harry P. Atwater, H. M. Lewis,* and *Henry Frawley,* for Appellant.

*Byron S. Payne,* Attorney General, and *E D. Roberts* for Respondent.

(1) To point one of the opinion, Appellant cited: State v. Palmer (S. D.), 57 N. W. 490; State v. Finder (S. D.), 81 N. W. 959, 72 N. W. 97.

GATES, J. Defendant was charged with the burglary with explosives of the Farmer's State Bank of Faith. After his plea of not guilty and before trial, he filed an affidavit of bias and prejudice of the presiding judge in the language of the statute and demanded that another judge be called to preside at the trial. On the same day the defendant was ordered into court and the following procedings were had:

"By the Court: Mr. Thompson, you signed an affidavit here yesterday in which you charged that you could not have a fair trial.

"Mr. Atwater: If the date is yesterday, it is a mistake, because it was signed this morning.

"By the Court: You signed, then, this morning an affidavit charging that you could not have a fair trial by reason of the bias and prejudice of this court. A. Yes, sir.

"By the Court: Did you ever see me before? A. No, sir.

"By the Court: You stated that you never saw me before? A. No, sir; only the time I was up before you the other day to plead.

"By the Court: And does that form your basis on which you make the affidavit that by reason of the bias and prejudice

of me you cannot have a fair trial? A. For that reason, and I understood you were attorney for the bank here for a number of years. I thought that under that condition I couldn't have a fair trial.

"By the Court: Is that the ground upon which you filed the affidavit, too, Mr. Gabriel? A. Yes, sir.

By the Court: And because you think I was attorney for a bank eight or nine years ago, you think that fact would warrant you in filing the affidavit that I was biased and prejudiced against you, do you? A. Yes, sir."

The trial court denied the motion for a change of judges, and in so doing said, among other things:

"Now, the statute provides that when an affidavit is filed alleging the bias and prejudice of the presiding judge a judge must immediately call in another judge to try the case, and I am mindful of the fact that the Legislature of the state of South Dakota had a right to say by whom, when, and where a person charged with crime shall be tried. I also believe that a court has inherent power and that it is the duty of the court to protect the court and the people from fraud and imposition, and I believe that the affidavit in this case and the statements made would, if the court followed them, work a fraud and imposition upon this court and the people, and, much as I regret having to pass upon a case of this kind, I feel that there is no other tribunal competent to pass upon it at this time, and that it is my duty to pass upon it. And as I view the affidavit and the statements made in connection with it by defendant parties who filed the affidavits, are so far-fetched, frail, and unsubstantial that to act upon them would be committing fraud and imposition upon the courts of this state and the people of South Dakota. Therefore, gentlemen, I am compelled to deny the motion."

The statute in question is a portion of section 4813, Rev. Code 1919, viz.:

"And if he shall make affidavit that he cannot have an impartial trial by reason of the bias or prejudice of the presiding judge of the circuit court where the indictment or information is pending, the judge of such court must call some other judge of the circuit court to preside at said trial. And it shall be the duty of such other judge to preside at said trial and do any other

act with reference thereto as though he were presiding judge of said circuit court."

[1] It will be observed that by the letter of the statute the filing of such affidavit operates to disqualify the judge. The statute does not contain the words "if it appear to the satisfaction of the court," which do appear in the earlier part of the same section relating to change of place of trial. When an affidavit of bias or prejudice of the presiding judge is filed, no issuable question is presented as to whether the judge is or is not biased or prejudiced. The law on this subject has been the same as at present ever since the enactment of section 285, c. 35, Laws Dakota Territory 1874-75, except that until the Revised Code 1919 the language 'the judge of such court must call some other judge" appeared as "the judge of such court may call any other judge." Even under the section as it was prior to Rev. Code 1919 the word "may" was construed to mean "must." State v. Henning, 3 S. D. 492, 54 N. W. 536; State v. Palmer, 4 S. D. 543, 57 N. W. 490; State v. Finder, 12 S. D. 423, 81 N. W. 959. The decisions of our sister state under the like statute were to the same effect. The trial court therefore had no right to interrogate the accused as to the facts constituting the basis for his assertion of bias or prejudice, but should have called in another circuit judge to try the case.

[2] But it is claimed that, because the accused answered the questions, the transaction must be held to be a voluntary submission to the trial court of the question of bias or prejudice, and because of the fact that defendant was convicted he has not been prejudiced by the ruling. We cannot consent to the view that the answers to these questions were voluntarily given, nor is the final outcome of the case to be considered in determining this matter. The law is clear and explicit, and the decisions of this court left no alternative to the trial judge except to call in another judge. His action amounted to a suspension of law the power to do which is not given him by statute. Const. art. 6, § 21. This view of the cause renders unnecessary a consideration of other questions raised.

The judgment and order denying a new trial are reversed, and the cause is remanded, with directions to the trial court to call in another circuit judge to try said cause.