[S. F. No. 15931. In Bank.—March 28, 1938.]

JOHN W. AUSTIN, Petitioner, v. ROBERT B. LAMBERT, as Judge, etc., Respondent.

Charles C. Crouch and George W. Crouch for Petitioner.

Earl Warren, District Attorney, Alameda County, Ralph E. Hoyt, Chief Assistant District Attorney, and Stanley C. Smallwood and Cecil Mosbacher, Deputies District Attorney, as *Amici Curiae,* on Behalf of Petitioner.

Thomas Scott and W. A. McGinn for Respondent.

Charles H. Forward, James D. Forward, J. O. Reavis, Stearns, Luce, Forward & Swing, Fred Kunzel, Gilford G. Rowland, Claude Minard, Vernon M. Smith and William A. Monten, as *Amici Curiae,* on Behalf of Respondent.

THE COURT.—This is a proceeding in *mandamus* to compel the respondent judge of the superior court to proceed with the hearing and determination of an action pending before said court entitled *John W. Austin et al.* v. *Hallmark Oil Company et al.* The cause had been duly assigned to the respondent judge for hearing and determination. Certain issues of law were noticed for hearing on October 1, 1937. Prior to 10 o'clock A. M. on that day counsel for certain defendants in said action served upon counsel for the plaintiffs therein and filed with the clerk of the court a notice that the named defendants "do hereby peremptorily challenge the Honorable Judge Robert B. Lambert according to the provisions of section 170.5 of the Code of Civil Procedure of the State of California", whereupon the respondent judge refused to proceed further and transferred the cause to another department of the court, assigning as his sole reason for declining to go forward with the hearing the filing of the peremptory challenge against him pursuant to the provisions of section 170.5 of the Code of Civil Procedure. The present proceeding followed.

A general demurrer to the petition raises the question of the constitutionality of section 170.5, added to the Code of Civil Procedure in 1937, and providing in part as follows: "Any party or his attorney to any cause or proceeding of any nature pending in any superior or municipal court, except the people or district attorney in a criminal case, may make and file with the clerk of the court in which the action

is pending, and serve on the opposite party, a peremptory challenge in writing of the judge assigned to try or hear the cause or pending matter. Thereupon, without any further act or proof, the presiding judge in those counties where there is a presiding judge who assigns causes for hearing or trial, or the chairman of the judicial council in other counties, shall assign some other judge to try the cause or hear the pending matter, and such cause shall be continued on the calendar until the judge so secured or assigned can try the cause or hear the matter. If it is necessary to secure a judge from another county, the chairman of the judicial council shall assign such judge.'' The remaining portions of the section provide for the time of making and filing the peremptory challenge, which must be before argument on questions of law or before evidence is taken, or before impanelment of a jury, at the trial on the merits. Other matters germane to the subject-matter of the section but not pertinent to this inquiry are also provided for.

It is the contention of the petitioner that the foregoing legislative enactment of 1937 is an unwarranted interference with the constitutional powers and duties of the respondent judge and therefore that it is the duty of said judge to disregard the peremptory challenge interposed in pursuance thereof and to hear and determine the cause presented to him.

Under the Constitution of this state a superior judge has certain powers and duties to perform. Upon assuming his office he takes and subscribes to an oath that he will support the state and federal Constitutions and that he will faithfully discharge the duties of his office as a judge of the superior court to the best of his ability. (Pol. Code, sec. 904.) One of those duties is to hear and determine causes presented to him unless in a particular cause he is disqualified or unable to act. He may not evade or avoid that duty. In proceedings too numerous to need citation of authority a superior judge has been required to discharge that duty when no good cause appeared to justify a refusal to act.

The judicial department has recognized that reasonable regulations may be made by the legislative branch in the matter of prescribing certain disqualifications of a judge to act. Those regulations were laid down generally in sections 170, 171 and 172 of the Code of Civil Procedure as originally enacted. They provided for disqualification for bias, prejudice or interest and for the most part were a continua-

tion of the civil law or the common law on the subject, and were based on the eternal verity that disinterest and impartiality are indispensable in the proper administration of justice. In this state, prior to the enactment of section 170.5 in 1937, the question of the existence of bias or prejudice on the part of the trial judge was one of fact to be alleged under oath and to be subject to judicial determination. Nothing is said in the new section about bias, prejudice, interest or any other recognized ground for disqualification. No showing, *ex parte* or otherwise, is required and no reason need be given for thus stripping the judge of his judicial functions. No more is required to accomplish that result than the arbitrary and undisclosed reason and purpose of the litigant or his attorney.

No statute has been brought to our attention or discovered by research which has gone to the length of section 170.5 in thus placing the exercise of judicial power, duty and responsibility subject to the whim and caprice of a lawyer or litigant, and no court decision has been cited or obviously could be cited upholding such an arbitrary provision. Nevertheless the petitioner and those in collaboration with him urge that in fifteen other states in the United States there are statutes providing for a so-called ''peremptory challenge'' of a judge and that those enactments have not been declared unconstitutional. A reading of those statutes discloses that without exception they provide for some showing of disqualification by *affidavit*. True, in many if not in most of them the affidavit, if made as provided by the statute, is effective, and no counter showing is required or permitted. Such an *ex parte* proceeding has been upheld on the ground that the charge of bias or prejudice under oath is at least an imputation of such disqualification sufficient to save the statute from successful attack on constitutional grounds.

The statutes in the other jurisdictions will be referred to by reference but without quotation. (Arizona, Revised Code 1928, sec. 3721; Florida, Compiled Gen. Laws, 1927, sec. 4341; Indiana, Burns Stats., Annotated, sec. 2–1401; Maryland, Bagby's Annotated Code, art. 75, sec. 111; Minnesota, 1936, Supplement to Mason's Minnesota Stats., 1927, sec. 9211, p. 878; Missouri, Revised Stats., 1929, sec. 907; Montana, Revised Codes, 1935, sec. 8868, Code of Civ. Proc.; 4 Nevada Compiled Laws, 1929, Supplement 1934, p. 1; New Mexico,

Laws 1933, chap. 184, p. 502; Ohio, Throckmorton's Annotated Code, 1934, sec. 1527; Oregon, 1935 supplement to Annotated Code, Official Ed. 1930, p. 37; South Dakota, Compiled Laws, 1929, sec. 4455; Washington, Revised Stats., Remington, vol. 2, pp. 170–172; Wisconsin, Stats. 1931; Wyoming Revised Stats., 1931, Annotated, sec. 89–1101.)

The language in the foregoing statutes is not in all respects uniform, but without a single exception each enactment requires the filing of an affidavit or other statement under oath in support of a charge of disqualification of the judge. The rule in the United States courts is also asserted to be in harmony with section 170.5. But an examination of the federal statute and the decisions thereunder entirely refutes the claim. Section 21 of the Judicial Code (36 Stats. at Large, 1090; Title 28, United States Code Annotated, sec. 25), provides: ''Whenever a party to any action or proceeding, civil or criminal, shall make and file an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him or in favor of any opposite party to the suit, such judge shall proceed no further therein, but another judge shall be designated in the manner prescribed in section 24 of this title, or chosen in the manner prescribed in section 27 of this title, to hear such matter. Every such affidavit shall state the facts and reasons for the belief that such bias or prejudice exists . . . and no such affidavit shall be filed unless accompanied by a certificate of counsel of record that such affidavit and application are made in good faith.''

In applying the federal statute the Supreme Court of the United States has ruled that the trial court has the power and the duty to pass upon the sufficiency of the facts alleged in the affidavit charging disqualification, although it may not question the truth of the facts alleged. In 1912 a United States District Court held that if construed literally to mean that the mere filing of such affidavit was sufficient to disqualify the judge without a hearing or determination of whether the facts stated were true or showed disqualification, section 21 of the Judicial Code would be unconstitutional as depriving the courts of judicial power, vesting the same in the litigants to that extent. (*Ex parte N. K. Fairbanks Co.*, 194 Fed. 978.) However, in 1921 the Supreme Court of the United States settled the question of the scope and effect of the section in the case of *Berger* v. *United*

*States,* 255 U. S. 22 [41 Sup. Ct. 230, 65 L. Ed. 481]. It was there held, first, that upon the filing of an affidavit in conformity with section 21 of the Judicial Code, averring the affiant's belief that the judge before whom the case was to be tried had a personal bias or prejudice against him, and stating facts and reasons substantial in character and which, if true, fairly established a mental attitude of the judge against the affiant which might prevent impartiality of judgment, accompanied by the required certificate of counsel, it became the duty of the judge to retire from the case, and secondly, that the judge had the right to pass upon the sufficiency of the affidavit, but not upon the truth or falsity of the facts alleged. It was held, in other words, that the judge was clothed with the power and duty to pass upon the legal sufficiency of the affidavit, but in doing so must assume the truth of facts stated therein. The affidavit there under review was held to be sufficient but it was clearly indicated that facts alleged in order to be sufficient must not be based merely on rumor or gossip or adverse rulings, but that the facts and reasons stated must be substantial and formidable, not frivolous or fanciful. A mental bias as to the law was not sufficient. A personal bias or adverse opinion or leaning toward an individual without just cause was essential. It is therefore shown that in the states which have legislated on the subject and in the federal legislation some substantial showing, under oath, must be made before a judge can be held to be disqualified for bias and prejudice.

It is not contended by the respondent or by those appearing in his behalf that disqualification for other causes, such as interest or relationship is not amply provided for apart from section 170.5. But it is earnestly contended that good reasons are often present which should prevent a judge from trying a particular case but that they are either not the proper subject of averment and proof or are not susceptible of proof. Mental incompetence, irascibility, arbitrariness, discourtesy to counsel, litigants and witnesses, and other temperamental obliquity, are suggested as good causes for removing a judge from the trial of a cause, but are said to be well nigh impossible of proof sufficient to legally disqualify and that therefore the peremptory challenge is the only way of meeting the situation. It is regrettable that such causes seemed sufficiently grave to justify this legislation. That there is occasionally just cause for complaint of judicial con-

duct on the grounds advanced cannot be denied. The rule in force for so long a time in this state of permitting a judge to pass upon the question of his own disqualification was admittedly unsatisfactory and unjust. The later rule of having the question of his disqualification passed upon by another judge assigned to the task by the chairman of the judicial council, as provided by subdivision 5 of section 170 of the Code of Civil Procedure, is claimed to have proved likewise unsatisfactory.

But to put in the hands of a litigant uncontrolled power to dislodge without reason or for an undisclosed reason, an admittedly qualified judge from the trial of a case in which forsooth the only real objection to him might be that he would be fair and impartial in the trial of the case would be to characterize the statute not as a regulation but as a concealed weapon to be used to the manifest detriment of the proper conduct of the judicial department. The well-recognized limitations on legislative regulations of such matters in other jurisdictions, both state and federal, were available when section 170.5 was enacted. In none of them is the arbitrary method of administering the remedy adopted in enacting the statute under attack approved or countenanced. It must therefore be held to be unwarranted and unlawful interference with the constitutional and orderly processes of the courts.

It is urged by *amici curiae* in support of the respondent's position that the analogy under our law between the peremptory challenge of a judge and the peremptory challenge of a juror is complete, citing section 600 et seq. of the Code of Civil Procedure. But the analogy does not exist, at least to the extent contended for. The juror challenge is not lodged against one sworn to try the case but only against one sought to become qualified to try the case. The peremptory challenge of a prospective juror within the limitations of section 601 of the Code of Civil Procedure results in the elimination from the trial without disclosed reasons or for no reason at all of those who might otherwise be sworn to try the case, and the challenges for cause must under sections 602 and 603 be tried by the court. When the prospective jurors are passed both under the peremptory provision of the statute and for cause, they are then sworn to try the case. No one would be so bold as to say that when that state of the proceeding had been reached and passed it would be proper

to permit a litigant then to challenge peremptorily and for no reason at all the right of the jury or any juror to sit in his case. The litigant might prefer for many reasons that the case never be tried and go to judgment, but our system of jurisprudence would not permit the adjudication of cases to depend on any such considerations. When a cause is called for trial before a judge sitting without a jury the "court and jury" so to speak, have been sworn and are ready without further formalities to proceed with the trial of the case and should proceed unless for good cause known to the law, and not merely known in the secret recesses of the mind of the litigant, the trial should not go forward.

The District Court of Appeal, Third Appellate District, passed upon the validity of said section 170.5 in the case of *Daigh* v. *Shaffer,* 23 Cal. App. (2d) 449 [73 Pac. (2d) 927], wherein it was sought to enforce the peremptory challenge against a judge of the Superior Court in and for Merced County. The writ of prohibition was denied and the decision therein became final sixty days after November 16, 1937. After a full treatment of the subject the court, through Mr. Justice Plummer, properly came to the conclusion that section 170.5 was constitutionally ineffective. Reference is hereby made to the many authorities cited in that decision which bear on the question involved. ▮ It is not necessary, however, to go to the length of declaring the section in violation of section 21 of article I of our Constitution in that it grants to the defendant or his attorney in the criminal case the right peremptorily to challenge the judge and denies it to the counsel for the prosecution. Instances where legislation has accorded to an accused advantages which have been denied to the prosecution are numerous. The presumption of innocence (Pen. Code, sec. 1096), places upon the prosecution a greater burden of proof than that imposed upon a plaintiff in a civil suit. An automatic appeal is accorded a defendant in a criminal case and not to the prosecution. (Pen. Code, sec. 1239.) Prior to 1927 the defendant was allowed more peremptory challenges than the people. (Pen. Code, sec. 1070.) The defendant in a criminal action is allowed a right to change the place of trial not given to the prosecution. (Pen. Code, sec. 1033.) Other instances might be mentioned but enough have been referred to to indicate that the section is not subject to attack based on this ground.

■ There is substance in the objection to the section that it violates section 11 of article I of our Constitution which provides that "All laws of a general nature shall have a uniform operation". The section provides that litigants in municipal and superior courts shall have the right peremptorily to challenge a judge of said courts, but makes no provision for a similar challenge by litigants in justices' courts exercising the same powers and jurisdiction as municipal courts. In a justice's court having jurisdiction of a civil case involving $1,000, no such challenge is allowed, while in a municipal court where the matter involved is also of the value of $1,000 such a challenge is allowed.

It is unnecessary to approve the additional ground on which the District Court of Appeal declared the section unconstitutional in the Daigh case, *supra*. Enough has been said to show that section 170.5 is ineffective for the purpose for which it was intended, and that it was and is the duty of the respondent judge to proceed with the hearing and determination of the matter pending before the respondent court.

Let the peremptory writ issue as prayed.