[S. F. No. 15947. In Bank.—March 28, 1938.]

JACK KRUG, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Gavin McNab, Schmulowitz, Wyman, Aikins & Brune, Nat Schmulowitz and James L. Feely for Petitioner.

George R. Andersen, George Olshausen, Harold M. Sawyer, Gladstein, Grossman & Margolis, William A. Monten, Gilford G. Rowland, Claude Minard and Vernon M. Smith, as *Amici Curiae,* on Behalf of Petitioner.

Matthew Brady, District Attorney, City and County of San Francisco, and Edward M. Leonard, Assistant District Attorney, for Respondents.

Earl Warren, District Attorney, Alameda County, Ralph E. Hoyt, Chief Assistant District Attorney, and Stanley C. Smallwood, Cecil Mosbacher, Deputies District Attorney, as *Amici Curiae,* on Behalf of Respondents.

THE COURT.—This is an application for a writ of prohibition to prevent the respondent judge, sitting in the

juvenile department of the respondent superior court, from proceeding as a committing magistrate with the preliminary hearing in the case of *People* v. *Jack Krug*. The sole basis for the application for the writ is that the defendant in said action, the petitioner herein, has made and filed with the clerk of said court and served on the district attorney a peremptory challenge in writing of the respondent judge as provided by section 170.5 of the Code of Civil Procedure. The document merely states that the defendant in said action "does hereby in writing peremptorily challenge the Honorable Frank H. Dunne, Judge of the above entitled court, sitting as a committing magistrate and assigned to try or hear the above entitled cause or pending matter, all in pursuance of the provisions of section 170.5 of the Code of Civil Procedure of the State of California".

In the proceeding entitled *John W. Austin* v. *Robert B. Lambert et al.*, opinion and decision in which were filed this day (*ante*, p. 73 [77 Pac. (2d) 849]), it was declared that said section 170.5 was and is invalid and consequently of no force or effect. On the authority of that case the peremptory writ herein is denied and the alternative writ is discharged.

Rehearing denied.