[L. A. No. 24942.   In Bank.   Aug. 19, 1958.]

LOUISE M. JOHNSON et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents; HAROLD R. SHERWOOD, Real Party in Interest.

Lowerre & Hollingsworth, George H. Lowerre III and Ben C. Duniway for Petitioners.

Garrett H. Elmore as Amicus Curiae on behalf of Petitioners.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Assistant County Counsel, for Respondents.

DeForrest Home and Henry E. Kappler for Real Party in Interest.

GIBSON, C. J.—The sole question to be decided in this proceeding is the constitutionality of section 170.6 of the Code of Civil Procedure, which is set forth in full as an appendix to this opinion.* This section, enacted in 1957, provides in substance that no judge of a superior, municipal or justice court shall try any civil action or special proceeding when it is established, in the manner set forth in the section, that he is prejudiced against a party or attorney appearing in the action. It further provides that prejudice may be established by an affidavit that the judge is prejudiced against the party or attorney so that the party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge. A party or attorney is not permitted to make more than one such challenge in any one action or special proceeding.

Petitioners are plaintiffs in a malpractice action pending in the Superior Court of Los Angeles County. Upon assignment of the case to Judge A. A. Scott for trial, petitioners moved to disqualify him and filed an affidavit of prejudice pursuant to section 170.6. The motion was heard and denied by Presiding Judge Roy L. Herndon. In this proceeding petitioners seek a writ of mandate to compel the assignment of the case to some judge other than Judge Scott.

In attacking the statute respondents argue that, because it does not require the litigant or his attorney to set forth the reasons or grounds which constitute the basis for the statement in the affidavit that the judge is prejudiced and

*See page 701.

because there is no provision for a judicial determination of whether the judge is in fact prejudiced, the statute makes an unconstitutional delegation of legislative and judicial powers to litigants and their attorneys and is an unwarranted interference with the powers of the courts.

■ There is, of course, a presumption in favor of constitutionality, and the invalidity of a legislative act must be clear before it can be declared unconstitutional. (*Lundberg* v. *County of Alameda,* 46 Cal.2d 644, 652 [298 P.2d 1].) Section 170.6 was passed by an overwhelming vote of both houses of the Legislature and approved by the Governor in 1957. The enactment of the statute represented the culmination of many years' effort by the organized bar of this state to obtain legislation which would permit the challenge of a judge for prejudice without an adjudication of disqualification. A statute enacted in 1937, which, as we shall see, differed materially from section 170.6, was held unconstitutional in *Austin* v. *Lambert,* 11 Cal.2d 73 [77 P.2d 849, 115 A.L.R. 849]. Thereafter four measures similar to section 170.6, except that two of them were applicable to criminal as well as civil cases, were passed by the Legislature but failed to receive executive approval.* The history of the section thus shows that the State Bar and the Legislature have long felt that there is a need for such a measure.

■ The Legislature may adopt reasonable rules and regulations regarding the disqualification of judges (*Caminetti* v. *Pacific Mutual L. Ins. Co.,* 22 Cal.2d 386, 390 [139 P.2d 930]), and it is obvious that prejudice upon the part of a judge may properly be made a ground for disqualification. ■ The declaration in section 170.6 that prejudice against a party or his attorney is the basis of the disqualification constitutes a sufficient legislative designation of the standard to be applied, and, contrary to respondents' contention, it is wholly unnecessary for the Legislature to attempt to list the many conceivable factors which might cause a judge to be prejudiced. It should be noted in this connection that since 1897 section 170 of the Code of Civil Procedure has contained a general provision for disqualification when it appears that a party cannot have a fair trial by reason of the ''prejudice'' or ''bias'' of the judge.

---

*The measures referred to were passed in 1941 (A.B. 442 [pocket vetoed by Governor Olson]), in 1951, (A.B. 479 [vetoed by Governor Warren and veto sustained]), in 1953 (S.B. 392 [pocket vetoed by Governor Warren]), and in 1955 (S.B. 89 [pocket vetoed by Governor Knight]). The second and third of these were applicable to both civil and criminal cases.

(Code Civ. Proc., § 170, subd. 4, as added in 1897, now contained in § 170, subd. 5; see *People* v. *Compton,* 123 Cal. 403, 412-413 [56 P. 44].)

The Legislature, in our opinion, also acted within its power to adopt reasonable regulations when it provided that, for the limited purposes of section 170.6, prejudice may be established by the filing of an affidavit sworn to by a party or his attorney, without judicial determination of the existence of the fact. It is important, of course, not only that the integrity and fairness of the judiciary be maintained, but also that the business of the courts be conducted in such a manner as will avoid suspicion of unfairness. (See *Berger* v. *United States,* 255 U.S. 22, 35-36 [41 S.Ct. 230, 65 L.Ed. 481] ; *Haslam* v. *Morrison,* 113 Utah 14 [190 P.2d 520, 523].) Prejudice, being a state of mind, is very difficult to prove, and, when a judge asserts that he is unbiased, courts are naturally reluctant to determine that he is prejudiced. In order to insure confidence in the judiciary and avoid the suspicion which might arise from the belief of a litigant that the judge is biased in a case where it may be difficult or impossible for the litigant to persuade a court that his belief is justified, the Legislature could reasonably conclude that a party should have an opportunity to obtain the disqualification of a judge for prejudice, upon a sworn statement, without being required to establish it as a fact to the satisfaction of a judicial body. (*Cf. People* v. *Compton,* 123 Cal. 403, 413 [56 P. 44].)

The possibility that the section may be abused by parties seeking to delay trial or to obtain a favorable judge was a matter to be balanced by the Legislature against the desirability of the objective of the statute. Moreover, section 170.6 contains safeguards designed to minimize such abuses. It permits only one challenge to each side, requires that the party or his attorney show good faith by declaring under oath that the judge is prejudiced, and provides for timely making of the challenge before trial, for strictly limited granting of continuances, and for reassignment as promptly as possible. We cannot properly assume that there will be a wholesale making of false statements under oath, and the fact that some persons may abuse the section is not a ground for holding the provision to be unconstitutional.

Statutes similar to section 170.6 have been sustained in every state where they were considered by the courts, with the exception of Oklahoma. (See *State* ex rel. *Anaconda Copper*

*Min. Co.* v. *Clancy,* 30 Mont. 529 [77 P. 312, 315 et seq.] ; *State* ex rel. *Beach* v. *Fifth Judicial District Court,* 53 Nev. 444 [5 P.2d 535, 537 et seq.] ; *State* ex rel. *Clover Valley Lbr. Co.* v. *Sixth Judicial District Court,* 58 Nev. 456 [83 P.2d 1031, 1034] ; *State* ex rel. *Hannah* v. *Armijo,* 38 N.M. 73 [28 P.2d 511, 512 et seq.] ; *Moruzzi* v. *Federal Life & Cas. Co.,* 42 N.M. 35 [75 P.2d 320, 115 A.L.R. 407] ; *U'Ren* v. *Bagley,* 118 Ore. 77 [245 P. 1074, 1075 et seq., 46 A.L.R. 1173] ; *State* ex rel. *Bushman* v. *Vandenberg,* 203 Ore. 326 [280 P.2d 344, 346 et seq.] ; *Murray* v. *Thomas,* 80 Ariz. 378 [298 P.2d 795, 797] ; *Marsin* v. *Udall,* 78 Ariz. 309 [279 P.2d 721, 724] ; *Howell* v. *State,* 77 Fla. 119 [81 So. 287, 288 et seq.] ; *State* v. *Hoist,* 111 Minn. 325 [126 N.W. 1090, 1091] ; *State* v. *Thompson,* 43 S.D. 425 [180 N.W. 73, 74] ; *State* ex rel. *Nissen* v. *Superior Court,* 122 Wash. 407 [210 P. 674, 675] ; *State* ex rel. *Dunham* v. *Superior Court,* 106 Wash. 507 [180 P. 481, 482] ; *Murdica* v. *State,* 22 Wyo. 196 [137 P. 574, 575-576].)

The Oklahoma case of *Diehl* v. *Crump,* 72 Okla. 108 [179 P. 4, 6, 5 A.L.R. 1272], contains a statement, apparently as an alternative ground for invalidating the statute there involved, that it has been held that a law providing for the disqualification of a judge upon the mere filing of an affidavit of prejudice without a hearing, is unconstitutional as depriving the court of judicial power. The only case cited in support of the statement, however, is *Ex parte N. K. Fairbank Co.* [Dist. Ct., Ala.], 194 F. 978, and the Fairbank case was impliedly overruled, without discussion of the question of constitutionality, in *Berger* v. *United States,* 255 U.S. 22 [41 S.Ct. 230, 65 L.Ed. 481]. (See discussion of the Berger and Fairbank cases in *Austin* v. *Lambert,* 11 Cal.2d 73, 77-78 [77 P.2d 849, 115 A.L.R. 849].)

Our conclusion that section 170.6 is not subject to the objections discussed above does not conflict with *Austin* v. *Lambert,* 11 Cal.2d 73 [77 P.2d 849, 115 A.L.R. 849], which, as we have seen, held unconstitutional a disqualification statute enacted in 1937. That statute differed materially from section 170.6 in that it provided for a "peremptory challenge" of the judge assigned to hear the case without requiring the person making the challenge to state the ground for his objection or to make a declaration under oath that the ground in fact existed. It was condemned because it placed in the hands of a litigant the power to dislodge "without reason or for an undisclosed reason" an admittedly qualified judge, the opinion stating that this was an unwarranted and unlawful interference with

the constitutional and orderly processes of the courts. (11 Cal.2d at p. 79.) The opinion distinguished statutes from other jurisdictions which contained an affidavit procedure similar to that prescribed by section 170.6, pointing out that they specified prejudice as a ground for disqualification and required a showing in the form of a statement under oath. (11 Cal.2d at pp. 76-78.)

The prior case of *Daigh* v. *Shaffer*, 23 Cal.App.2d 449 [73 P.2d 927], in which no hearing by the Supreme Court was sought, also held the 1937 statute unconstitutional, using some of the reasoning later employed in *Austin* v. *Lambert* (11 Cal. 2d 73) and recognizing that statutes like section 170.6 are distinguishable. While the opinion contained additional language which was not used in the Austin case, the matters referred to in these statements presented questions of policy for the Legislature and should not have been considered in determining the validity of the statute.

█ It is urged that section 170.6, because it applies only to a ''civil'' action or special proceeding, discriminates against parties in criminal cases in violation of federal and state constitutional provisions prohibiting unreasonable classifications. (U.S. Const., Fourteenth Amendment; Cal. Const., art. I, §§ 11, 21; art. IV, § 25.) The rights of parties in civil and criminal trials are, of course, different in many respects, and it should be noted in this connection that an affidavit procedure to establish prejudice has previously been made available in civil actions on more favorable terms than in criminal cases. (*Lowrey* v. *Hogue*, 85 Cal. 600 [24 P. 995] ; *Miles* v. *Justice's Court of Pasadena*, 13 Cal.App. 454 [110 P. 349].)* Wide discretion is vested in the Legislature as to the making of a classification, and every presumption is in favor of validity; the decision of the Legislature as to what constitutes a sufficient distinction to warrant the classification ''will not be overthrown by the courts unless it is palpably arbitrary and beyond rational doubt erroneous.'' (*State* v. *Industrial Acc. Com.*, 48 Cal.2d 365, 371 [310 P.2d 7] ; *Dribin* v. *Superior Court*, 37 Cal.2d 345, 351 [231 P.2d 809, 24 A.L.R.2d 864].) In enacting section 170.6, the Legislature could have concluded that, in criminal cases, there would be a greater

---

*The statute involved in the cited decisions applied to criminal cases in justice courts and set forth an affidavit procedure for a change of venue on the ground that a fair and impartial trial could not be had due to the prejudice of the justice or of the citizens of the township.

possibility that the right conferred by the statute would be abused, and it cannot be said that this distinction was insufficient to justify withholding the right as to such cases.

■ Another claim of discrimination is based upon that portion of section 170.6 which relates to multiple parties. The section, after providing that no party or attorney may make more than one motion thereunder in any one action, declares, ". . . where there may be more than one plaintiff or similar party or more than one defendant or similar party appearing in the action or special proceeding, only one motion for each side may be made in any one action or special proceeding." We do not understand the quoted provision to mean that, where several parties are joined, they are necessarily confined to one motion regardless of how conflicting their interests may be. One motion for "each side" is permitted, and, where coplaintiffs or codefendants have substantially adverse interests, it is proper to conclude that there are more than two sides in the case. Such might be the situation, for example, where two drivers whose automobiles collide and injure the plaintiff are joined as defendants.

■ It is argued that, while a party who is the sole plaintiff or defendant may always disqualify one judge by complying with the statute, a party who is one of several plaintiffs or defendants is placed in a less favorable position. However, this is true only to a limited extent. Initially, a party who is joined with others cannot be in a worse position than a single party, since he has an equal opportunity to disqualify the judge assigned to hear the case. Such a party cannot possibly be placed at a disadvantage unless one of his coparties has already disqualified a judge in the same action, and then only if his interests are substantially the same as the interests of the one who exercised the challenge. The Legislature could reasonably determine that this limited restriction was justified in order to prevent the undue delays which could otherwise occur, and we hold that section 170.6 does not arbitrarily discriminate against multiple parties.

Let a writ of mandate issue directing respondents to assign the case for trial to a judge other than Judge A. A. Scott.

Shenk, J., Carter, J., Traynor, J., and Spence, J., concurred.

McComb, J., dissented.

# APPENDIX

Section 170.6 of the Code of Civil Procedure provides:

''(1) No judge of any superior, municipal or justice court of the State of California shall try any civil action or special proceeding of any kind or character nor hear any matter therein which involves a contested issue of law or fact when it shall be established as hereinafter provided that such judge is prejudiced against any party or attorney or the interests of any party or attorney appearing in such action or proceeding.

''(2) Any party to or any attorney appearing in any such action or proceeding may establish such prejudice by an oral or written motion without notice supported by affidavit that the judge before whom such action or proceeding is pending or to whom it is assigned is prejudiced against any such party or attorney or the interest of such party or attorney so that such party or attorney cannot or believes that he cannot have a fair and impartial trial or hearing before such judge. Where the judge assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial. In no event shall any judge entertain such motion if it be made after the drawing of the name of the first juror, or if there be no jury, after the making of an opening statement by counsel for plaintiff, or if there be no such statement, then after swearing in the first witness or the giving of any evidence or after trial of the cause has otherwise commenced. If the motion is directed to a hearing (other than the trial of a cause), the motion must be made not later than the commencement of the hearing. In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be.

''(3) If such motion is duly presented and such affidavit is duly filed, thereupon and without any further act or proof, the judge supervising the master calendar, if any, shall assign some other judge to try the cause or hear the matter. In other cases, the trial of the cause or the hearing of the matter shall be assigned or transferred to another judge of the court in which the trial or matter is pending or, if there is no other judge of the court in which the trial or matter is pending, the chairman of the judicial council shall assign some other judge to try such cause or hear such matter as promptly as possible. Under no circumstances shall a party or attorney be permitted to make more than one such motion in any one action or special proceeding pursuant to this section; and in actions or special proceedings where there may be more than one plaintiff or similar party or more than one defendant or similar party appearing in the action or special proceeding, only one motion for each side may be made in any one action or special proceeding.

''(4) Unless required for the convenience of the court or unless good cause is shown, a continuance of the trial or hearing shall not be granted by reason of the making of a motion under this section. If a continuance is granted, the cause or matter shall be continued from day to day or for other limited periods upon the trial or other calendar and shall be reassigned or transferred for trial or hearing as promptly as possible.

''(5) Any affidavit filed pursuant to this section shall be in substantially the following form:

(Here set forth court and cause)

STATE OF CALIFORNIA ⎫
COUNTY OF ⎬ ss.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ., being first duly sworn, deposes and

says: That he is a party (or attorney for a party) to the within action (or special proceeding). That ........................ the judge before whom the trial of the (or a hearing in the) aforesaid action (or special proceeding) is pending (or to whom it is assigned), is prejudiced against the party (or his attorney) or the interest of the party (or his attorney) so that affiant cannot or believes that he cannot have a fair and impartial trial or hearing before such judge.

...........................

Subscribed and sworn to before me

this ............... day of ..............., 19......

(Clerk or Notary Public or other officer administering oath)

"(6) Nothing in this section shall affect or limit the provisions of Section 170 and Title 4, Part 2 of this code, and this section shall be construed as cumulative thereto.

"(7) If any provision of this section or the application to any person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of the section which can be given effect without the invalid provision or application and to this end the provisions of this section are declared to be severable."