[Civ. No. 10937.   Third Dist.   June 19, 1964.]

ALAN LEE MAYR, Petitioner, v. THE SUPERIOR COURT OF TEHAMA COUNTY et al., Respondents; MARY HELEN MAYR, Real Party in Interest.

Hedlund & Goff and Henry J. Goff, Jr., for Petitioner.

No appearance for Respondents.

Loyd H. Mulkey for Real Party in Interest.

PIERCE, P. J.—Petitioner Alan Lee Mayr seeks prohibition directed to respondent Judge of the Superior Court to desist from sitting as a judge in the divorce action of *Mary Helen Mayr, plaintiff,* v. *Alan Lee Mayr, defendant, No. 12467,* now pending in the Superior Court of the State of California, in and for the County of Tehama. Said judge had denied petitioner's motion for peremptory disqualification made under Code of Civil Procedure section 170.6.

We have concluded that the motion was timely, that it was properly made, that it should have been granted and that the case should have been assigned to another judge, all as in said section provided.

Said section provides, *inter alia,* that no judge shall try any civil or criminal action "nor hear any matter therein which involves a contested issue of law or fact when it shall be established as hereinafter provided that such judge is prejudiced against any party or attorney. . . ."

Prejudice, within the purview of the section, is established by motion supported by affidavit or an oral statement under oath that the challenged judge "is prejudiced against . . . such party or attorney . . . so that such party or attorney cannot *or believes that he cannot* have a fair and impartial trial or hearing before such judge." (Italics supplied.)

62

■ When the motion is directed to a hearing other than the trial of a cause, "the motion must be made not later than the commencement of the hearing. In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be ."[1]

■ When the motion is properly and timely made the challenged judge is vested with no discretion to determine the question of his *actual* prejudice. It is a party's (or his attorney's) *belief* in prejudice that is decisive and there is probably no way in which the sincerity of such belief can be determined or measured. Disqualification is mandatory. (*Jacobs* v. *Superior Court*, 53 Cal.2d 187 [347 P.2d 9].)

The petition here shows that on March 5, 1964, petitioner's wife filed suit for a divorce. The complaint alleged in part that the parties had agreed that it was in the best interests of the two minor children of the parties that their physical custody be given to the husband. ■ Thereafter petitioner filed a document with the court acknowledging receipt of a copy of complaint and summons. No answer was filed and his default was then taken.

Thereafter an ex parte hearing was held in which the wife appeared and petitioner did not appear, either in person or represented by counsel. Apparently at said hearing evidence was taken which incidentally may have suggested desirability of inquiring into the question of child custody. The court then ordered an investigation by the probation officer to assist the court in making a determination of the question. When the probation officer filed his report, notice was sent to petitioner's attorney advising it had been filed and giving petitioner "ten days in which to file for further hearing or opposition, and thereupon, the matter to be submitted."

A motion for disqualification of the assigned judge with supporting affidavit defective in form was made, ordered stricken from the files, but before any further hearing on the matter of child custody had occurred a corrected motion with

---

[1] The section also provides in part relative to the timeliness of the motion: " ... Where the judge assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. ... In no event shall any judge entertain such motion if it be made after the drawing of the name of the first juror, or if there be no jury, after the making of an opening statement by counsel for plaintiff, or if there be no such statement, then after swearing in the first witness or the giving of any evidence or after trial of the cause has otherwise commenced."

affidavit sufficient in form was made. It also was ordered by the court to be stricken as being untimely. This petition followed.

It is stated in *Jacobs* v. *Superior Court, supra,* 53 Cal.2d 187, at page 190, that the "motion must be made before the trial has commenced, it cannot be entertained as to subsequent hearings which are a part or a continuation of the original proceedings." Recently (January 28, 1964) our Supreme Court in *McClenny* v. *Superior Court,* 60 Cal.2d 677 [36 Cal.Rptr. 459, 388 P.2d 691] declared this rule to be applicable to contempt proceedings arising out of an alleged violation of an order in a domestic relations action.

The purpose of the rule requiring timeliness of motion is obvious. The statutory allowance to a party or his attorney of the right to disqualify a judge, "automatic" in the sense that a *"belief"* in prejudice is sufficient, is an extraordinary right. The Legislature did not intend thereby to permit the halting of *already-commenced* hearings and trials to be re-heard before a new judge whenever one of the parties senses or thinks that he senses that the judge has become unfavorably disposed towards his cause. That the Legislature did not so intend is explicit in the requirement of motion before the commencement of hearing and in the provision relating to motions before trial that they be made at least five days before trial.

But these requirements relate to hearing of contested issues of law or fact. It is the position of petitioner that here the issue of child custody was not contested at the outset of the case, or when the petitioner acknowledged receipt of process and made his appearance (thus effectually consenting that his default might be entered) and that it did not become contested until the court had indicated by its notice given that the question of the theretofore agreed-upon right of the husband to have custody of the children would have to be litigated in an adversary manner.

The wife, real party in interest, argues that the husband was charged with knowledge that the court, under Civil Code section 138, in awarding the custody of children faces the responsibility of being guided "By what appears to be for the best interests of the child" and in this regard possesses a broad discretion, unrestrained by the wishes or agreement of the parents. She contends that when petitioner, therefore, elected to allow his default to be taken he thereby permitted this determination to be made ex parte by any judge who

might be assigned to sit and waived his right to claim prejudice under Code of Civil Procedure section 170.6.

Petitioner, however, while conceding the discretionary power of the court to disapprove the parties' agreement regarding child custody, counterargues that his nonappearance after service constituted a consent limited by the provisions of Code of Civil Procedure section 580, declaring: ''The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint. . . .''

And here the complaint had pleaded the property settlement agreement with its provision that the husband was the proper parent to have custody of the children. It also provided that it was in the best interests of the children that custody be awarded to him. There, it is contended, when court determination was made to question this agreement, then and only then did the matter become a ''contested issue of . . . fact,'' and then, and only then, was the husband obligated to move for disqualification under said section 170.6.

Petitioner reasons soundly. If a party moves as expeditiously as it is possible for him to do after a theretofore agreed upon matter in a lawsuit becomes litigated his motion is timely under both the spirit and letter of the code section.

In *Thompson* v. *Superior Court*, 206 Cal.App.2d 702, which involved an attempt (held permissible) to disqualify a judge after he had made an order continuing a motion to modify a child custody provision of a divorce decree the court says (on p. 707 [23 Cal.Rptr. 841]): '' . . . [A]n affidavit of prejudice is timely in this respect if filed and application for disqualification is made before the judge in question has made any ruling on any litigated or contested matter in the case. [Citations.]''

We think this statement too broad since commencement of hearing after the matter becomes litigated and not the court's ''ruling'' should fix the time when the right to invoke the disqualification privilege is lost.

We conclude with an observation: Abuse by some attorneys of the privilege of ''automatic'' disqualification of judges has undoubtedly been frequent. Undoubtedly the possibility that this would occur was within the Legislature's contemplation and weighed against its obvious advantages when the principle (once struck down and later readopted with changes and court-approved—Code Civ. Proc. § 170.5, Stats. 1937, ch. 507; *Daigh* v. *Shaffer*, 23 Cal.App.2d 449 [73

P.2d 927]; *Austin* v. *Lambert,* 11 Cal.2d 73 [77 P.2d 849, 115 A.L.R. 849]; present, Code Civ. Proc., § 170.6, enacted Stats. 1957, ch. 1055, approved in *Johnson* v. *Superior Court,* 50 Cal.2d 693 [329 P.2d 5]) was established. It should not be so strictly construed that the legislative will is thwarted. Here the petitioner acted as quickly as reasonably might be expected after knowledge was available that a contested matter would be heard by a judge believed to be prejudiced. No abuse of the provision is apparent.

Let the peremptory writ issue.

Friedman, J., and Moor, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.