[Civ. No. 44354. Second Dist., Div. Two. Aug. 9, 1974.]

MICHAEL PATRICK WELCH, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**Counsel**

Halpern, Halpern, Thaler & Saul, Saul & Thaler, Edwin S. Saul and Irwin Thaler for Petitioner.

John H. Larson, County Counsel, and Dwight V. Nelsen, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

**Opinion**

**FLEMING, Acting P. J.**—Michael Patrick Welch petitions for a writ of mandate to compel the superior court to grant his motion pursuant to Code of Civil Procedure section 170.6 to disqualify the judge assigned to hear a motion to suppress evidence and trial on the merits on charges against

Welch and codefendants Mark Hubbard and David Sievers of possession of LSD, cocaine, and amphetamine, and possession of marijuana for sale.

Section 170.6 permits a party or attorney to disqualify a judge from trying any civil or criminal action or special proceeding on grounds of prejudice with only a declaration by the party or attorney that the judge is prejudiced against the party or attorney so that the party or attorney believes he cannot have a fair and impartial trial. However: "Under no circumstances shall a party or attorney be permitted to make more than one such motion in any one action or special proceeding pursuant to this section; and in actions or special proceedings where there may be more than one plaintiff or similar party or more than one defendant or similar party appearing in the action or special proceeding, *only one motion for each side may be made in any one action or special proceeding.*" (§ 170.6, subd. (3); italics added.)

Welch, Hubbard and Sievers appeared for the motion to suppress evidence and trial on 18 January 1974 before Judge Charles Hughes. Sievers' attorney filed a declaration of prejudice pursuant to section 170.6, and the cause was re-scheduled for hearing before Judge Armand Arabian on 4 April 1974. On 21 February 1974 Welch's attorney filed a declaration of prejudice pursuant to section 170.6 against Judge Arabian. The motion to disqualify Judge Arabian was disallowed because section 170.6 provides that "only one motion for each side may be made in any one action or special proceeding."

■ First, Welch contends the denial of his motion to disqualify Judge Arabian violated his right to equal protection of the laws since the only reason he could not invoke section 170.6 was that a codefendant invoked it first. But the Supreme Court rejected this contention in *Johnson* v. *Superior Court,* 50 Cal.2d 693, 700 [329 P.2d 5]: "The Legislature could reasonably determine that this limited restriction was justified in order to prevent the undue delays which could otherwise occur, and we hold that section 170.6 does not arbitrarily discriminate against multiple parties."

■ Second, Welch contends he and codefendant Sievers are not on the same "side" for purposes of section 170.6. *Pappa* v. *Superior Court,* 54 Cal.2d 350, 353-354 [5 Cal.Rptr. 703, 353 P.2d 311], reasons that there may be more than two sides in a criminal case "if codefendants have substantially adverse interests." Welch argues that since all three defendants are charged with possession of the same contraband, one of his defenses might be that the other defendants had sole possession of the contraband, and therefore his interests are adverse to those of his codefendants. (See

*People* v. *Escobedo,* 35 Cal.App.3d 32, 40-41 [110 Cal.Rptr. 550].) This contention fails because Welch did not make a sufficient showing of adverse interest in the trial court. *Pappa* v. *Superior Court, supra,* 54 Cal.2d 350, 354, places the burden on the defendant to establish adverse interest. Welch's attorney filed merely a form declaration asserting prejudice with no specific factual showing of adverse interest; in points and authorities filed with the trial court, he speculated how an adverse interest might arise, not how it had arisen. A presumption of adverse interest in every criminal case involving codefendants charged with possession of contraband would open section 170.6 to rampant abuse.

Last, Welch claims the trial court prevented him from making an additional factual showing of adverse interest. The record reveals, however, that the trial court considered and reconsidered Welch's motion several times and afforded Welch ample opportunity to file additional papers before it made a final ruling. Welch wrote several letters to the court asking if a formal showing of adverse interest were required, yet he never actually offered the affidavits or testimony which might establish an adverse interest.

We quote again from the reasoning of *Pappa* v. *Superior Court,* 54 Cal. 2d 350, 354 [5 Cal.Rptr. 703, 353 P.2d 311]: "[I]t must be remembered that until the enactment of section 170.6 in 1957 a party seeking to disqualify a judge on the ground of bias had to allege and prove the facts relied upon to establish prejudice. That procedure, which is contained in section 170 of the Code of Civil Procedure, remains available in a criminal as well as a civil action. Section 170.6, as we have seen, relieves a party of the necessity of specifying the facts relied upon as the basis of disqualification upon the ground of bias, and it thus extends a special privilege subject to the conditions set forth in the section. As pointed out in *Johnson* v. *Superior Court,* these conditions were imposed as safeguards designed to minimize abuses of the privilege. (50 Cal.2d 693, 697.) If for some reason a party does not desire to assume the burden of establishing that he comes within these conditions, he may pursue the alternative procedure under section 170 of alleging and proving the facts upon which he relies to establish prejudice."

The alternative writ is discharged. A peremptory writ is denied.

Beach, J., concurred.

**COMPTON, J.**—I concur in the holding that the defendant in this case failed to make a sufficient showing of adverse interest so as to entitle him to a second challenge under Code of Civil Procedure section 170.6. How-

ever, I would place the denial of the petition for writ of mandate on the broader grounds which I set forth in my concurring and dissenting opinion in *Fraijo* v. *Superior Court,* 34 Cal.App.3d 222 [109 Cal.Rptr. 909].

As noted in Mr. Justice Fleming's opinion, petitioner filed "merely a form declaration asserting prejudice." In other words, petitioner's challenge to Judge Arabian was purely peremptory in nature.

In *Austin* v. *Lambert,* 11 Cal.2d 73 [77 P.2d 849, 115 A.L.R. 849], the Supreme Court in no uncertain terms declared that a peremptory challenge to a judge is unconstitutional and an unlawful interference with the process of the court. *Johnson* v. *Superior Court,* 50 Cal.2d 693 [329 P.2d 5], contrary to the dicta in *Pappa,* which is quoted by Justice Fleming, did not hold that Code of Civil Procedure section 170.6 relieves a party of the necessity of specifying the facts relied upon as a basis of disqualification. *Johnson* held only that the procedure for disqualifying a judge on the basis of an affidavit and without a hearing on the truth of the matters contained in the affidavit was constitutional and thus saved the present statute from the condemnation of *Austin.*

Here the affidavit set forth no legally cognizable facts which could in any way constitute a basis for calling into question Judge Arabian's impartiality. In fact, it set forth no facts at all. Code of Civil Procedure section 170.6 requires an affidavit. This document is a "non-affidavit."


A petition for a rehearing was denied September 3, 1974, and petitioner's application for a hearing by the Supreme Court was denied October 17, 1974.