[Crim. No. 6910. Fourth Dist., Div. One. Apr. 22, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT RODGERS, Defendant and Appellant.

## COUNSEL

Sheela, Lightner, Hughes & Castro, Howard J. Bechefsky and Ramon Castro for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Alan S. Meth and Keith I. Motley, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT**\*—Defendant Robert Rodgers appeals his court-tried convictions of transporting marijuana (Health & Saf. Code, § 11360) and possessing marijuana for sale (Health & Saf. Code, § 11359). He contends the hearing judge improperly denied the disqualification motion filed under Code of Civil Procedure section 170.6. The Attorney General agrees. So do we.

Rodgers was indicted and pled not guilty on April 5, 1974. A readiness conference was set for department 18 on June 12. He noticed a motion to suppress (Pen. Code, § 1538.5) in department 18. On the hearing date, the motion was set in department 8 before Judge Levitt. Rodgers' attorney filed a court-provided declaration form with the criminal presiding department in which he declared he believed Judge Levitt was "prejudiced against his interest" so that he could not have a fair and impartial hearing before him. Rodgers moved for a transfer to another court under Code of Civil Procedure section 170.6.

---

\*Before Brown (Gerald), P. J., Ault, J., and Cologne, J.

The presiding judge apparently granted the motion at first, then he struck his signature, and requested the motion be submitted to Judge Levitt. Judge Levitt noted the declaration under section 170.6 had been filed and said it appeared "merely to state a legal conclusion." After denying Rodgers' attorney a continuance, Judge Levitt required him to testify as to the facts on which he based his declaration.

 Rodgers' attorney objected because he understood Code of Civil Procedure section 170.6 did not require him to state facts. After the attorney's testimony, Judge Levitt stated: "The Court is making a specific finding that the declaration of challenge which has been filed is inadequate. It's an invasion of the separation of powers, and there are no facts to justify the granting of a motion. So the Court denies the motion."

The Attorney General concedes, under the authority of *Johnson* v. *Superior Court,* 50 Cal.2d 693, 697 [329 P.2d 5], and *McCartney* v. *Commission on Judicial Qualifications,* 12 Cal.3d 512, 531-532 [116 Cal.Rptr. 260, 526 P.2d 268], the motion should have been granted. He concurs with Rodgers that the judgment must be reversed.

 The statute is not an unconstitutional delegation of legislative and judicial power, nor is it an unwarranted interference with the courts (*Johnson* v. *Superior Court, supra,* 50 Cal.2d 693, 697; *Pappa* v. *Superior Court,* 54 Cal.2d 350, 354 [5 Cal.Rptr. 703, 353 P.2d 311]).

 "It is well recognized that in enacting Code of Civil Procedure section 170.6 the Legislature guaranteed to litigants an extraordinary right to disqualify a judge. The right is 'automatic' in the sense that a good faith *belief* in prejudice is alone sufficient, proof of facts showing actual prejudice not being required. [Citations.] . . . When the affidavit is timely and properly made, immediate disqualification is mandatory. (*Jacobs* v. *Superior Court* . . . 53 Cal.2d 187, 190 . . .) Hence, [the court] was bound to accept proper affidavits without further inquiry . . . . " (*McCartney* v. *Commission on Judicial Qualifications,* 12 Cal.3d 512, 531-532 [116 Cal.Rptr. 260, 526 P.2d 268].)

Judgment reversed.