Filed 12/31/14  City of San Diego v. Super. Ct. CA4/1

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN DIEGO,<br><br>        Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>        Respondent;<br><br>_____<br><br>LIVING GREEN COOPERATIVE, INC., et al.,<br><br>        Real Parties in Interest. | D067154<br><br>(San Diego County<br>Super. Ct. No. 37-2014-00037716-CU-MC-CTL) |

ORIGINAL PROCEEDING in mandate.  Ronald S. Prager, John S. Meyer, Judith F. Hayes, and Richard E.L. Strauss, Judges.  Petition granted.

Jan I. Goldsmith, City Attorney, Marlea Dell'Anno, Assistant City Attorney, and Marsha B. Kerr, Deputy City Attorney, for Petitioner.

No appearance for Respondent.

No appearance for Real Parties in Interest.

Petitioner the City of San Diego (the City) challenges orders granting successive peremptory challenges to judges of respondent San Diego County Superior Court (the trial court) filed by real parties in interest Living Green Cooperative, Inc. (Living Green), its president, Cary Weaver, and its landlord, Bradley Brown.  We grant the petition.

BACKGROUND

The City filed a complaint against Living Green, Weaver, and Brown in the trial court on November 4, 2014, to enjoin operation of a marijuana dispensary by Living Green and Weaver on premises owned by Brown.  The case was initially assigned to Hon. Ronald S. Prager.  The City calendared for November 19 a hearing before Judge Prager on an application for a temporary restraining order (TRO), and then personally served copies of the summons, complaint, and TRO papers on Living Green, Weaver, and Brown.

A series of peremptory challenges under Code of Civil Procedure section 170.6 followed service of process.

➢ Living Green filed a peremptory challenge to Judge Prager on November 14, and the case was reassigned to Hon. John S. Meyer on November 17.

➢ Weaver filed a peremptory challenge to Judge Meyer on December 2, and the case was reassigned to Hon. Judith F. Hayes on December 4.

➢ Nathan A. Shaman, the attorney representing Brown, filed a peremptory challenge to Judge Hayes on December 5, and the case was reassigned to Hon. Richard E.L. Strauss on December 10.

➢ Brown filed a peremptory challenge to Judge Strauss on December 10, but no action has yet been taken on that challenge.

2

After the peremptory challenge to Judge Hayes had been filed but before it was granted, the City filed an ex parte application with Judge Hayes for an order returning the case to Judge Meyer on the ground the real parties in interest were limited to one peremptory challenge. That application was never ruled on.

Frustrated by the successive peremptory challenges from having its TRO application timely heard, the City petitioned this court for writ of mandate directing the trial court to set aside the orders granting the peremptory challenges that were filed after the challenge to Judge Prager and to reassign the case to Judge Meyer. We stayed further proceedings in the trial court and notified the parties we were considering issuing a peremptory writ in the first instance. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-180.) Living Green, Weaver, and Brown did not file a response.

DISCUSSION

We conclude the trial court clearly erred by granting Living Green, Weaver, and Brown more than one peremptory challenge. The peremptory challenge statute expressly permits only one challenge *per side*: "In actions or special proceedings where there may be may be . . . more than one defendant or similar party appearing in the action or special proceeding, *only one motion for each side may be made* in any one action or special proceeding." (Code Civ. Proc., § 170.6, subd. (a)(4), italics added.) Recognizing the "possibility that the section may be abused by parties seeking to delay trial or to obtain a favorable judge," the Legislature "permit[ted] only one challenge to each side." (*Johnson v. Superior Court* (1958) 50 Cal.2d 693, 697.) Where, as here, the interests of co-parties are not substantially adverse, they constitute one "side" under the peremptory challenge

3

statute. (*The Home Ins. Co. v. Superior Court* (2005) 34 Cal.4th 1025, 1035.) Thus, the peremptory challenges subsequent to the challenge to Judge Prager were impermissible.

We further conclude issuance of a peremptory writ on the first instance is appropriate. The material facts are not in dispute, the applicable law is settled, no useful purpose would be served by full briefing and argument, and the City is clearly entitled to relief so that it may have its TRO application heard in a timely manner. (See Code Civ. Proc., § 1088; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240-1241; *Fontaine v. Superior Court* (2009) 175 Cal.App.4th 830, 842.)

## DISPOSITION

Let a writ of mandate issue directing the trial court: (1) to vacate all orders granting peremptory challenges that were filed under Code of Civil Procedure section 170.6 after November 14, 2014; and (2) to reassign the case to Hon. John S. Meyer. The stay previously issued by this court is dissolved. This decision shall become final as to this court upon filing of the opinion. The City is entitled to its costs of this writ proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)


NARES, Acting P. J.

WE CONCUR:


McINTYRE, J.


McDONALD, J.

4