[Civ. No. 38477. Second Dist., Div. Five. Aug. 24, 1971.]

WOODROW W. LOFTIN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
TRISHA KELLY et al., Real Parties in Interest.

## COUNSEL

R. M. Kern and Brill, Hunt, DeBuys & Burby for Petitioner.

No appearance for Respondent.

Ned Good, James E. Stevens and Allan M. Bower for Real Parties in Interest.

## OPINION

**KAUS, P. J.**—In this matter we granted an alternative writ of mandate to consider the question whether a party who has specially appeared in an action for the purpose of moving to quash summons and who has disqualified the judge about to hear the motion under the provisions of section 170.6 of the Code of Civil Procedure, has thereby made a general appearance, thus mooting the special appearance.

Petitioner's notice of motion to quash service of summons was filed April 19, 1971. For reasons which will become apparent, we are not concerned with its merits. Opposition was filed on April 29, and again on May 10, 1971. As a prospective defendant, petitioner was a latecomer to a suit which had been pending for over a year and which had been assigned to Judge Kaufman for all purposes. Judge Kaufman was therefore the judge designated to hear the motion to quash. Counsel for petitioner then filed a declaration of prejudice pursuant to section 170.6 of the Code of Civil Procedure against Judge Kaufman who honored it and ordered the case transferred to another court. Although we do not have a transcript of the proceedings in that court, petitioner and the real parties in interest, the plaintiffs in the underlying litigation, are in agreement that the court ruled that the filing of the affidavit of prejudice constituted a general appearance.[1]

---

[1] The parties do not agree whether or not the court expressed its views on the merits of the motion to quash. Petitioner suggests that the court ruled that, but for the supposed general appearance, the motion was well taken. The real party in interest disputes this. Since it is clear from the submissions of both parties that the court never reached the issue, we deem the dispute irrelevant.

■ We have come to the conclusion that the respondent court erred in finding that petitioner had made a general appearance. The real parties' reliance on *Donovan* v. *Superior Court,* 39 Cal.2d 848, 851 [250 P.2d 246]; and *Noorthoek* v. *Superior Court,* 269 Cal.App.2d 600, 607-608 [75 Cal. Rptr. 61] seems misplaced. In those cases it was held that if a party moves to disqualify a judge under any of the subdivisions of section 170 of the Code of Civil Procedure, he makes a general appearance. Section 170 restricts the privilege to move to disqualify a judge to a party "who has appeared" in the action. No comparable restriction is found in section 170.6.

There is a sound reason for the distinction made by the Legislature. A general appearance, such as the filing of an answer or of a demurrer does not involve, in itself, the submission of "contested issue of law or fact." (Code Civ. Proc., § 170.6.)[2] On the other hand a party making a special appearance by way of a motion to quash will not know whether or not he will be required to make a general appearance until there has been a contested hearing, which may involve questions of law, or fact, or both. The liberal provisions of section 170.6 give a litigant one chance to get rid of an unwanted judge, whom he cannot successfully challenge under section 170. If the litigant desires to spend his sole peremptory challenge on the motion to quash, we see no reason why he should not be permitted to do so.

If it were the law that a 170.6 challenge amounts to a general appearance a most unfair situation would result: the party making the motion to quash would have to accept whatever judge is assigned to hear the motion, while his opponent could elect to exercise his peremptory challenge. We discern no legislative intent that a party who moves to quash summons should be thus procedurally disadvantaged. On the contrary in 1955 the Legislature removed certain anomalies which case law had developed by the enactment of section 416.1 et seq. of the Code of Civil Procedure.[3] One of the anomalies which was abolished by the enactment of section 416.1 et seq. was the harsh rule that a defendant who sought relief from a default judgment on any ground other than lack of jurisdiction over his person, automatically waived the jurisdictional challenge.[4]

---

[2]Of course, the filing of a demurrer calls for a ruling on a question of law at some later time; however, the appearance is complete upon the filing of the document and the demurring party may then utilize the processes of section 170 of the Code of Civil Procedure to challenge an allegedly disqualified judge who is about to hear the demurrer.

[3]The 1955 legislation was revised, without substantive change, in 1969 as section 418.10 of the Code of Civil Procedure.

[4]See former section 416.2 of the Code of Civil Procedure, reenacted in 1969 as section 418.10, subdivision (d).

Case law indicates a similar trend. Thus the rule of *Judson* v. *Superior Court,* 21 Cal.2d 11, 13-14 [129 P.2d 361], that a motion to dismiss under the five-year provision of section 583 of the Code of Civil Procedure constitutes a general appearance because the motion invokes affirmative action of the court to terminate the litigation, was overruled in *Goodwine* v. *Superior Court,* 63 Cal.2d 481, 484-485 [47 Cal.Rptr. 201, 407 P.2d 1], where the Supreme Court held that a challenge to the subject matter jurisdiction of the court, coupled with a challenge to its jurisdiction over the person of the defendant, does not constitute a general appearance.

It seems apparent, therefore, that the ruling of the respondent court violates the trend of statutory, as well as decisional law.

The alternative writ heretofore granted is discharged.

Let a peremptory writ of mandate issue, ordering the respondent court to consider the petitioner's motion to quash on its merits.

Aiso, J., and Reppy, J., concurred.

The petition of the real parties in interest for a hearing by the Supreme Court was denied October 21, 1971.