*1502
 
 Opinion
 

 BOREN, P. J.
 

 Petitioner, La Seigneurie U.S. Holdings, Inc. (LSUS), seeks a writ of mandate directing the superior court to set aside an order denying its Code of Civil Procedure section 170.6
 
 [1]
 
 motion to disqualify Judge Ronald M. Sohigian.
 

 On January 7, 1994, real party in interest, Paul M. Clark, Jr. (Clark), filed a complaint against, among others, LSUS. Judge Jerold A. Krieger was assigned to the case under the Trial Court Delay Reduction Act (TCDRA) (see Gov. Code § 68600 et seq.) also known as the expedited trial program or “fast track.” Clark timely moved to disqualify Judge Krieger.
 

 In the meantime, Clark attempted to effect service of process on LSUS by delivering copies of his summons and complaint to an individual who may or may not have been authorized to accept service on behalf of LSUS.
 

 On February 22, 1994, Judge Krieger granted Clark’s disqualification motion. On February 24, 1994, LSUS made a special appearance by filing a motion to quash service of process pursuant to section 418.10. On February 25, 1994, Judge Sohigian was assigned to the case for “all purposes” pursuant to the TCDRA and Los Angeles County Superior Court Rules, rule 7.3. At that time, LSUS was aware that Judge Krieger had been disqualified and that the case was awaiting reassignment, but Clark did not notify LSUS of Judge Sohigian’s assignment until February 28, 1994.
 

 Upon learning of the motion to quash, Clark represented that he was “in the process of utilizing an alternative method of service.” On March 15, 1994, Judge Sohigian granted the motion to quash. By then, Clark had perfected service otherwise.
 

 On April 7, 1994, LSUS filed its answer with the court and at the same time served a declaration challenging Judge Sohigian pursuant to section 170.6. On April 8, 1994, the trial court denied the motion as untimely based upon LSUS’s earlier special appearance to quash service of process.
 

 LSUS filed a motion for reconsideration which was granted. Judge Sohigian, however, adhered to his previous ruling and again denied the motion to disqualify. This petition for writ of mandate followed.
 

 
 *1503
 
 Our sole and dispositive concern here is the timeliness of LSUS’s motion.
 

 As a general rule, a section 170.6 motion may be made at any time prior to commencement of the trial or hearing.
 
 (People
 
 v.
 
 Superior Court (Hall)
 
 (1984) 160 Cal.App.3d 1081, 1083 [207 Cal.Rptr. 131].) There are, however, three exceptions to this rule. The one pertinent here was added in 1989, effective January 1, 1990, and provides that “[i]f directed to the trial of a cause which has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of the all purpose assignment, or if the party has not yet
 
 appeared in the action,
 
 then within 10 days after the appearance.” (§ 170.6, subd. (2), italics added.)
 

 In 1990, a new TCDRA was enacted. (Gov. Code, § 68600 et seq.) Added was Government Code section 68616 which provides that “[d]elay reduction rules shall not require shorter time periods than as follows: [j[] (i) Notwithstanding Section 170.6 of the Code of Civil Procedure, in direct calendar courts, challenges pursuant to that section shall be exercised within 15 days of the party’s
 
 first appearance.
 
 Master calendar courts shall be governed solely by Section 170.6 of the Code of Civil Procedure.” (Gov. Code, § 68616, subd. (i), italics added.)
 
 [2]
 

 The TCDRA, as revised, deleted the authority of project judges to adopt rules inconsistent with any statute. (Gov. Code, § 68612;
 
 [3]
 

 Wagner
 
 v.
 
 Superior Court
 
 (1993) 12 Cal.App.4th 1314, 1318 [16 Cal.Rptr.2d 534].)
 

 The parties tender two readings of the phrase “first appearance” as it appears in Government Code section 68616 and the local rule which parrots
 
 *1504
 
 it. LSUS suggests it means that a disqualification motion must be made within 15 days from the date of a party’s “first general appearance” in the action. Clark insists it means within 15 days of the date of a defendant’s “first appearance, whether general or special.”
 

 Clark contends his construction best supports the purpose and policy considerations which attend delay reduction legislation and all purpose judicial assignments. The principal purpose of assigning a judge to a case for all purposes is to “ ‘expedite complex matters by permitting one judge to handle the entire matter from start to finish, acquiring an expertise regarding the factual and legal issues involved which will expedite the process.’ ”
 
 (Reygoza
 
 v.
 
 Superior Court
 
 (1991) 230 Cal.App.3d 514, 522 [281 Cal.Rptr. 390], quoting
 
 Augustyn
 
 v.
 
 Superior Court
 
 (1986) 186 Cal.App.3d 1221, 1228 [231 Cal.Rptr. 298].) The broad policy consideration behind the enactment of the TCDRA is to “ ‘reduce litigation delays that have reached, in some counties, scandalous proportions.’ ”
 
 (Laborers’ Internat. Union of North America
 
 v.
 
 El Dorado Landscape Co.
 
 (1989) 208 Cal.App.3d 993, 1001 [256 Cal.Rptr. 632].)
 

 While expeditiousness as a policy could justify construing “first appearance” as encompassing any “special appearance,” it does not, as Clark asserts, compel such a construction. The word “appearance” as it is used in section 170.6 consistently has been interpreted to mean “general appearance.”
 
 (Brown
 
 v.
 
 Swickard
 
 (1985) 163 Cal.App.3d 820 [209 Cal.Rptr. 844]; see generally, 2 Witkin, Cal. Procedure (3d ed. 1985) Courts, §§ 112-127, pp. 130-151.) It has been construed in this fashion for the simple reason that it is only upon the making of a general appearance that a defendant submits to the jurisdiction of the court.
 
 (Ziller Electronics Lab GmbH
 
 v.
 
 Superior Court
 
 (1988) 206 Cal.App.3d 1222, 1228-1229 [254 Cal.Rptr. 410].)
 

 While it is somewhat puzzling that the Legislature has provided fast track litigants filing peremptory challenges five more days than section 170.6 authorizes, that decision cannot be characterized as absurd. It may be that the drafters of Government Code section 68616, subdivision (i), merely recognized that fast track litigants are, at the onset of a case, immediately thrust into an expedited program, and that a defendant, brought into an action against his will, must be afforded a fair opportunity to reflect and consider on the issue of a challenge to the assigned judge.
 

 
 *1505
 
 Clark next contends that LSUS engaged in “gamesmanship” in connection with the filing of the section 170.6 challenge, and on this ground, alone, the superior court was entitled to deny the motion.
 
 [4]
 

 Clark notes that LSUS and its codefendants are represented by the same lawyer, an attorney who, Clark contends, deliberately timed the filing of LSUS’s section 170.6 motion to benefit LSUS’s codefendants. Clark points out that the disqualification motion was not filed until Judge Sohigian had ruled with respect to the codefendants’ motion to strike and demurrer. It was only after the court denied the motion to strike and overruled the demurrer, that LSUS decided to assert its peremptory challenge—a challenge LSUS’s codefendants were no longer eligible to assert.
 

 Under the facts of this case, where LSUS apparently was content to have Judge Sohigian hear and decide a motion to quash prior to filing a challenge against him, it is difficult to assume that LSUS or its attorneys believed at any time that Judge Sohigian would be unable to proceed in a fair and impartial manner. The suggestion is, as Clark contends, that LSUS filed the disqualification motion for the purpose of gaining a tactical advantage.
 

 What Clark has overlooked, however, is the purpose underlying the enactment of section 170.6 which is to promote the integrity and fairness of the judiciary and to ensure that the “business of the courts [is] conducted in such a manner as will avoid suspicion of unfairness.”
 
 (Johnson
 
 v.
 
 Superior Court
 
 (1958) 50 Cal.2d 693, 697 [329 P.2d 5].) In order to further these laudable goals, a court should (provided a party has complied with the conditions set forth in the statute) grant a disqualification motion—even if the court suspects that the party has abused its right to utilize section 170.6.
 
 (Solberg
 
 v.
 
 Superior Court
 
 (1977) 19 Cal.3d 182, 194-198 [137 Cal.Rptr. 460, 561 P.2d 1148].)
 

 The ruling in connection with a motion to quash may be the most important one rendered as far as a defendant is concerned, for it may result in his outright dismissal from the action, transfer of the case to a more accessible court, or the ousting of the court’s jurisdiction over the matter.
 
 *1506
 
 (§ 418.10.) It is perhaps for this reason that the court in
 
 Loftin
 
 v.
 
 Superior Court
 
 (1971) 19 Cal.App.3d 577, 579 [97 Cal.Rptr. 215], recognized that a party making a special appearance for the purpose of moving to quash summons is entitled to exercise the challenge provided for in section 170.6. We hold here that, while a party may disqualify a judge scheduled to hear his motion to quash service, he is not required to do so, and the time in which he
 
 must
 
 raise a section 170.6 challenge does not commence until his first general appearance.
 

 Accordingly, let a peremptory writ of mandate issue directing respondent to set aside its order of April 8, 1994, denying petitioner’s section 170.6 motion, and to enter a new and different order granting the motion. The temporary stay imposed on August 19, 1994, is vacated.
 

 Gates, J., and Nott, J., concurred.
 

 [1]
 

 All further statutory references are to the Code of Civil Procedure unless otherwise indicated.
 

 [2]
 

 Pursuant to the authority of Government Code section 68612 and Code of Civil Procedure section 575.1 (enabling legislation authorizing the promulgation of local rules by superior courts), the Los Angeles Superior Court adopted rules governing its fast track program, including local rule 7.5 which derives directly from Government Code section 68616, subdivision (i). Rule 7.5, subdivision (a), provides that “[a] challenge to an
 
 VC
 
 Judge [defined in rule 7.1, subdivision (b) as a judge assigned to the project and handling cases on an individual or all-purpose calendar] under . . . section 170.6 must be made within 15 days of the party’s first
 
 appearance.”
 
 (Italics added.)
 

 [3]
 

 Government Code section 68612, as reenacted, provides in pertinent part: “Judges shall, in consultation with the bar of the county to the maximum extent feasible develop and publish the procedures, standards, and policies which will be used in the program, including time standards for the conclusion of all critical steps in the litigation process . . . .”
 

 [4]
 

 Clark also asserts that “because of the unity of interest” between LSUS and its codefendants the section 170.6 challenge was untimely. Parties are on the same “side” in an action if they do not have substantially adverse interests.
 
 (Pappa
 
 v.
 
 Superior Court
 
 (1960) 54 Cal.2d 350,355 [5 Cal.Rptr. 703, 353 P.2d 311].) The court here made no finding with respect to this issue. In any event, the record suggests that LSUS has interests adverse to those of its codefendants. Accordingly, it appears the “same side” rule is inapplicable.