Filed 1/15/21  Silver v. Siegel CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARCUS DANIEL SILVER, | B301917 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. 19STCV17949 |
| BERTRAM SIEGEL et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Terry Green, Judge. Affirmed.

Marcus Daniel Silver, in pro. per., for Plaintiff and Appellant.

Jenner & Block, David R. Singer, AnnaMarie A. Van Hoesen, and Camila A. Connolly for Defendants and Respondents.

## INTRODUCTION

Plaintiff and appellant Marcus Daniel Silver (plaintiff) appeals from the trial court's September 16, 2019 order granting the motion to quash service of summons for lack of personal jurisdiction brought by defendants and respondents Bertram Siegel, Carole Siegel, David Siegel, and Two Sigma Investments, LP (defendants).[1] Plaintiff contends the trial court erred "in interpreting and following relevant rules and laws, especially regarding peremptory challenges and deadlines for filing responses."[2] We affirm.

## BACKGROUND

On May 22, 2019, plaintiff filed an unverified complaint in the Superior Court of the State of California for the County of Los Angeles. The complaint asserts claims for negligence, infliction of emotional distress, fraud, and conspiracy to commit fraud against defendants. The Siegels are plaintiff's relatives. David Siegel, plaintiff's cousin, is a founding partner of Two Sigma Investments, LP. Plaintiff sent defendants copies of the

---

[1] Defendants' unopposed motion to augment the record, filed on July 6, 2020, is granted.

[2] Plaintiff's challenge to Judge Holly J. Fujie's July 30, 2019 order accepting defendants' peremptory challenge under section 170.6 of the Code of Civil Procedure is not properly before us. That ruling may be reviewed only by a writ of mandate. (See *In re Sheila B.* (1993) 19 Cal.App.4th 187, 195.) Further, plaintiff's notice of appeal listed only the September 16, 2019 order. We therefore pass this contention without further consideration.

complaint via "US Priority Mail." This mailing did not include any summons, which had not yet been issued by the court.

On May 30, 2019, plaintiff mailed defendants the following documents: (1) copies of the complaint; (2) copies of the court's summons, dated May 30, 2019; (3) proof of service forms; and (4) acknowledgement of receipt of summons forms. Plaintiff directed these documents to defendants' respective addresses in New York. Plaintiff concedes the acknowledgment of receipt forms were never returned, "arguably rendering service of the Summons ineffective" until July 8, 2019, when defendants filed a notice of removal.

On July 8, 2019, defendants removed the action to federal court based on diversity jurisdiction. On July 9, 2019, the federal court issued an order of remand, finding Two Sigma Investments, LP had not included sufficient citizenship information about two of its members. Accordingly, the case was remanded back to the Superior Court.

On July 15, 2019, plaintiff filed a request for entry of default in the Superior Court. On July 23, 2019, the Superior Court denied plaintiff's request because a notice of removal to federal court had been filed on July 8, 2019, there was a "[s]tay on the case," and the acknowledgment of receipt forms had not been signed and dated by defendants or persons authorized to accept service.

Meanwhile, on July 16, 2019, defendants filed a peremptory challenge to the assigned judicial officer, Judge Fujie, under section 170.6 of the Code of Civil Procedure.[3] On July 19,

---

[3] Undesignated statutory references are to the Code of Civil Procedure.

2019, the court denied the challenge, noting that the notice of removal to federal court had been filed on July 8, 2019 and, therefore, it has no jurisdiction over the case.

Because the Superior Court had not received the order of remand from the federal court, on July 23, 2019 defendants filed a Notice of Remand, and attached the federal court's July 9, 2019 order of remand as an exhibit.

On July 26, 2019, defendants refiled the peremptory challenge to Judge Fujie. On July 30, 2019, Judge Fujie issued a minute order stating that defendants' peremptory challenge "was timely filed, in proper format, and is accepted." The case was reassigned to Judge Terry Green for all future proceedings.

On August 8, 2019, defendants filed a motion to quash service of summons for lack of personal jurisdiction, supported by five declarations. Defendants contended they are not subject to general or specific jurisdiction in California. The Siegels maintain their permanent residences in New York, where they are also citizens. In addition, none of the individual defendants lives in California, owns property in California, or maintains any business presence in California. Two Sigma Investments, LP is a limited partnership governed by the laws of Delaware, with its primary place of business in New York; none of its partners are citizens of California and it has no registered agents in California. Defendants also concurrently filed a demurrer and motion to strike punitive damages.

Plaintiff filed a combined opposition to the demurrer, motion to strike, and motion to quash. He did not, however, submit any evidence to support the exercise of personal jurisdiction over defendants. Instead, he relied on his unverified complaint.

4

On September 16, 2019, the court conducted a hearing on the motions and demurrer. During the hearing the court stated, "I don't see any basis for jurisdiction in California." The Court further stated, "There is no evidence of contacts with California, substantial or insubstantial," and "there's no evidence" of purposeful availment. After hearing from both sides, the court granted defendants' motion to quash, took the demurrer and motion to strike off calendar as moot, and dismissed the lawsuit.

## DISCUSSION

The most fundamental rule of appellate review is that the judgment or order challenged on appeal is presumed to be correct, and "it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) To overcome this presumption, an appellant must provide a record that allows for meaningful review of the challenged order. (*Ibid.*)

In addition, parties must provide citations to the appellate record directing the court to the supporting evidence for each factual assertion contained in that party's briefs. When an opening brief fails to make appropriate references to the record to support points urged on appeal, we may treat those points as waived or forfeited. (See, e.g., *Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384; *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 798–801 [several contentions on appeal "forfeited" because appellant failed to provide a single record citation demonstrating it raised those contentions at trial].) "Any statement in a brief

5

concerning matters in the appellate record—whether factual or procedural and no matter where in the brief the reference to the record occurs—*must be supported by a citation to the record*." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2013) ¶ 9:36, p. 9-12, citing Cal. Rules of Court, rule 8.204(a)(1)(C).)

Further, "an appellant must present argument and authorities on each point to which error is asserted or else the issue is waived." (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 867.) Matters not properly raised or that lack adequate legal discussion will be deemed forfeited. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656.)

An appellant has the burden not only to show error but prejudice from that error. (Cal. Const., art. VI, § 13.) If an appellant fails to satisfy that burden, his argument will be rejected on appeal. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.) "[W]e cannot presume prejudice and will not reverse the judgment in the absence of an affirmative showing there was a miscarriage of justice. [Citations.] Nor will this court act as counsel for appellant by furnishing a legal argument as to how the trial court's ruling was prejudicial. [Citations.]" (*Ibid.*)

Plaintiff's briefs are insufficient on a multitude of grounds. Mainly, his briefs fail to include a single citation to the clerk's transcript. And to the extent his briefs contain citations to legal authorities, plaintiff fails to develop his arguments by applying those authorities to the facts in this case. (See *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287 ["we may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by

6

which the appellant reached the conclusions he wants us to adopt"].) Plaintiff, therefore, has forfeited all his contentions on appeal. We nonetheless briefly address several of plaintiff's arguments to the extent they are supported by citations to legal authorities.

Plaintiff contends defendants should have filed the notice of removal to federal court within 30 days of purportedly receiving copies of the complaint by mail on May 24, 2019. As his sole authority, plaintiff cites *Michetti Pipe Stringing, Inc. v. Murphy Bros.* (11th Cir. 1997) 125 F.3d 1396, 1398, which is no longer good law. In *Michetti*, the Eleventh Circuit held that the 30-day removal period under 28 U.S.C. § 1146 "begins to run when a defendant actually receives a copy of a filed initial pleading by any means." The United States Supreme Court reversed, however, holding that the time to remove "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." (*Murphy Bros. v. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344, 347–348.) Thus, defendants' time to remove the case to federal court was not triggered until they were formally served with the complaint and summons.

Plaintiff also contends the motion to quash was not timely filed after the federal court remanded the case back to the state court. Section 430.90, subdivision (a)(1), provides 30 days to file a motion to quash service of summons "from the day the original court receives the case on remand." Here, the federal court issued its order remanding this case back to the Superior Court on July 9, 2019. Defendants filed the motion to quash thirty days later,

on August 8, 2019. Even if the Superior Court received the case on remand on July 9, 2019—the very same day that the federal court issued the order of remand—defendants timely filed their motion.

Finally, plaintiff contends the motion to quash should have been denied because defendants made numerous general appearances thereby conceding to the state court's jurisdiction. Specifically, he argues that defendants made general appearances by filing the notice of removal, filing a peremptory challenge to Judge Fujie, and simultaneously filing the demurrer and motion to strike with the motion to quash. We disagree.

First, filing a notice of removal cannot constitute a general appearance because section 430.90 expressly provides time for a defendant to bring a motion to quash service of summons following a remand to state court. Accordingly, the time for defendant to respond to the complaint commenced when the federal court remanded the case. (§ 430.90, subd. (a)(2) [providing 30 days to respond to the complaint upon remand after removal].) Put differently, the statute confirms that when a defendant removes an action to federal court, the defendant does not waive the right to later challenge the state court's personal jurisdiction over the defendant.

Second, it is well established that a party can file a peremptory challenge under section 170.6 without making a general appearance. *(*See *La Seigneurie U.S. Holdings, Inc. v. Superior Court* (1994) 29 Cal.App.4th 1500, 1506; *Loftin v. Superior Court* (1971) 19 Cal.App.3d 577, 578–579.)

Third, section 418.10, subdivision (e), expressly provides that a defendant may make a motion to quash service of summons for lack of jurisdiction and "simultaneously answer,

8

demur, or move to strike the complaint." Section 418.10, subdivision (e)(1), further provides, "[N]o act by a party who makes a motion under this section, including filing an answer, demurrer, or motion to strike constitutes an appearance, unless the court denies the motion made under this section." Thus, a defendant "may raise objections to personal jurisdiction along with any other defenses without being deemed to have waived the jurisdictional objection." (*Roy v. Superior Court* (2005) 127 Cal. App.4th 337, 342 [holding that defendants do not waive jurisdictional arguments by concurrently filing a demurrer with motion to quash].)

In sum, defendants did not concede to the Superior Court's jurisdiction.

# DISPOSITION

The September 16, 2019 order is affirmed. Defendants shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

DHANIDINA, J.