[No. B129530. Second Dist., Div. Five. May 17, 1999.]

PEDUS SERVICES, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
JAMES S. CLAUSON et al., Real Parties in Interest.

**COUNSEL**

Akre, Bryan & Malin, Geoffrey L. Bryan and Konrad L. Trope for Petitioner.

No appearance for Respondent.

Riley & Riley and Timothy C. Riley for Real Parties in Interest.

OPINION

TURNER, P. J.—Defendant, Pedus Services, Inc., has filed a mandate petition pursuant to Code of Civil Procedure section 170.3, subdivision (d)[1] challenging the denial of its section 170.6 peremptory challenge to a discovery referee on timeliness grounds. We conclude the section 170.6 peremptory challenge was timely and issue our writ of mandate directing the respondent court to disqualify the referee.

This is an invasion of privacy and unlawful wiretapping case. The pertinent factual allegations were described in detail in our prior decision involving this same litigation in *Clauson* v. *Superior Court* (1998) 67 Cal.App.4th 1253, 1255 [79 Cal.Rptr.2d 747]. Upon the filing of the complaint, pursuant to rule 7.3 of the Rules of Los Angeles Superior Court, the Honorable Sherman W. Smith Jr. was assigned the present lawsuit for all purposes.[2] During the process leading up to trial, discovery disputes among the parties broke out. On November 30, 1998, the respondent court appointed a discovery referee pursuant to sections 638 and 639.[3] On January 26, 1999, the discovery referee filed his report. At the same time, the respondent court considered objections to the report filed on behalf of a codefendant, Irving Singer. The respondent court overruled the objections and approved the report of the discovery referee.

On February 5, 1999, several parties, including defendant, filed peremptory challenges pursuant to section 170.6 directed at the discovery referee.

[1]Code of Civil Procedure section 170.3, subdivision (d) provides: "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought within 10 days of notice to the parties of the decision and only by the parties to the proceeding." All future statutory references are to the Code of Civil Procedure, unless otherwise noted.

[2]Rule 7.3(i) of the Rules of Los Angeles Superior Court provides: "Cases are assigned for all purposes, including trial. Except as the presiding Judge may other wise direct, each Judge shall schedule, hear and decide all matters, including law and motion . . . for each Case assigned." (E.g., *La Seigneurie U.S. Holdings, Inc.* v. *Superior Court* (1994) 29 Cal.App.4th 1500, 1502 [35 Cal.Rptr.2d 175].)

[3]Section 638 provides: "A reference may be ordered upon the agreement of the parties filed with the clerk, or judge, or entered in the minutes or in the docket, or upon the motion of a party to a written contract or lease which provides that any controversy arising therefrom shall be heard by a reference if the court finds a reference agreement exists between the parties: [¶] 1. To try any or all of the issues in an action or proceeding, whether of fact or of law, and to report a statement of decision thereon; [¶] 2. To ascertain a fact necessary to enable the court to determine an action or proceeding." Section 639 provides in pertinent part: "When the parties do not consent, the court may, upon the application of any party, or of its own motion, direct a reference in the following cases: [¶] . . . [¶] (e) When the court in any pending action determines in its discretion that it is necessary for the court to appoint a referee to hear and determine any and all discovery motions and disputes relevant to discovery in the action and to report findings and make a recommendation thereon."

On February 8, 1999, the respondent court found the declaration of prejudice of defendant to be untimely. The respondent court stated in writing: "The court finds that while . . . section 170.6 for peremptory challenge does apply to the challenge of a discovery referee (see *Autoland, Inc.* v. *Superior Court* (1988) 205 Cal.App.3d 857, 859 [252 Cal.Rptr. 662]), the procedural requirements of the section remain. [¶] A peremptory challenge must be filed promptly after the making of the objectionable appointment or it is waived. If the appointment is made in the presence of counsel, the challenge should be exercised immediately. (*Id.* at 861.) [¶] Accordingly, since this court initially made the order appointing referee prior to November 1998; specified the appointment of the [discovery referee] on November 3, 1998; and finally codified said appointment in an order signed and filed November 30, 1998, the motions of the above-entitled defendants are both denied as untimely. The court finds this case has been before the discovery referee on multiple occasions prior to this court's receipt of the affidavits of prejudice, therefore, said failure to timely object to the appointment of the [discovery referee] is deemed a procedural waiver of objection to said appointment."

The express language of section 170.6 appears to apply to a discovery referee appointed pursuant to sections 639, subdivision (e). Section 170.6, subdivision (1) states: "No judge, court commissioner, or *referee* of any superior or municipal court of the State of California shall try any civil or criminal action or special proceeding of any kind or character nor hear any matter therein that involves a contested issue of law or fact when it shall be established as hereinafter provided that the judge or court commissioner is prejudiced against any party or attorney or the interest of any party or attorney appearing in the action or proceeding." (Italics added.) Section 170.6, subdivision (2) identifies the procedure to be followed in challenging a referee as follows: "Any party to or any attorney appearing in any such action or proceeding may establish this prejudice by an oral or written motion without notice supported by affidavit or declaration under penalty of perjury or an oral statement under oath that the judge, court commissioner, or *referee* before whom the action or proceeding is pending or to whom it is assigned is prejudiced against any such party or attorney or the interest of the party or attorney so that the party or attorney cannot or believes that he or she cannot have a fair and impartial trial or hearing before the judge, court commissioner, or *referee*." (Italics added.) In *Autoland, Inc.* v. *Superior Court* (1988) 205 Cal.App.3d 857, 859 [252 Cal.Rptr. 662], our colleagues in Division Two of this appellate district held that a discovery referee was subject to the provisions of section 170.6. Our Division Two colleagues held: "The phrase 'hear any matter' cannot fairly be interpreted to exclude the function of a referee who hears but does not decide a discovery motion. In addition, where (as in this case) the referee's assignment is to preside over

**144**

all discovery matters, the referee may be called upon to preside at depositions, during the course of which he will in fact make rulings on whether witnesses must answer particular questions over a party's objection." (205 Cal.App.3d at p. 859.) The parties to the present writ proceedings do not dispute the application of section 170.6 to a discovery referee.

█ Rather, defendant disputes the correctness of a portion of the holding of *Autoland, Inc.* where our Division Two colleagues held, as did the respondent court in this case, that an objection to the appointment of a discovery referee must be made immediately upon notice of the selection by the trial judge. The *Autoland, Inc.* court held: "The challenge must not, however, be used as a tool for delay. The long list of timing rules in subdivision (2) of section 170.6 appears designed to require that the litigant present his challenge as soon as possible after he knows with some reasonable certainty who will hear the motion. (E.g., *Thomas Realty Co.* v. *Superior Court* (1988) 199 Cal.App.3d 91, 96 . . . .) A challenge to a discovery referee should not be delayed until five days before the first hearing scheduled by the appointed referee; it should be filed promptly when the trial court makes the objectionable appointment. If the appointment is announced in the presence of counsel, the challenge should be exercised immediately." (*Autoland, Inc.* v. *Superior Court, supra,* 205 Cal.App.3d at pp. 860-861, fn. omitted.) The omitted footnote to the foregoing cited language in *Autoland, Inc.* states as follows in relevant part: "Subdivision (2) specifies that 'In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be.' It would appear that the nearest analogous procedure is the assignment of a judge for all purposes. (See *Woodman* v. *Superior Court* (1987) 196 Cal.App.3d 407, 416-421 . . . .) [¶] In Trial Court Delay Reduction Act pilot project cases like the instant one, the court's interest in preventing delay is decreed by statute. (Gov. Code, § 68608.) The superior court may wish to add to its pilot project rules a deadline for a section 170.6 challenge to a discovery referee. (See Gov. Code, § 68612; *Swenson* v. *Superior Court* (1988) 202 Cal.App.3d 348 . . .)" (*Autoland, Inc.* v. *Superior Court, supra,* 205 Cal.App.3d at p. 861, fn. 3.) The respondent court relied upon this language which suggests that the appointment of the discovery referee is akin to a for all purposes assignment of a trial judge. We respectfully disagree with *Autoland, Inc.* insofar as it suggests that the appointment of a discovery referee is the functional equivalent of an all purpose assignment in terms of the timeliness of a challenge pursuant to section 170.6.

As noted previously, in the respondent court, trial judges in the central district in civil matters are assigned for all purposes. In *People* v. *Superior Court (Lavi)* (1993) 4 Cal.4th 1164, 1179-1180 [17 Cal.Rptr.2d 815, 847

P.2d 1031], the California Supreme Court described the traits of a for-all-purpose assignment in terms of section 170.6 as follows: "Section 170.6, subdivision (2), does not explain when an assignment to a judge may be deemed one for all purposes. As noted in *Zdonek* v. *Superior Court* (1974) 38 Cal.App.3d 849, 856 . . . (dis. opn. of Kingsley, J.), however, 'The reason for an "all purpose" assignment lies in the pragmatic value of having all matters arising in a complicated and potentially long drawn-out case to be heard by one judge, so that the time of litigants, counsel and the superior court need not be wasted in the repetitive education of successive judges in the intricacies of that kind of case.' [¶] Moreover, as the *Woodman* court stated: 'An all-purpose assignment clearly contemplates assignment to a specific judge to process the litigation in its totality rather than a trial department in which the identity of the judge is subject to the vagaries of personal and administrative necessity. The purpose of such assignment is to permit the efficient disposition of complex matters and this commendable purpose would be utterly frustrated unless there is certainty that once assigned, the all-purpose judge will preside over the action from beginning to end.' (*Woodman* [v. *Superior Court* (1987)] 196 Cal.App.3d [407,] 421.) [¶] Thus, when there is an all purpose assignment, '[t]he litigant does not need any further information to know who will try the case,' because the assignment 'instantly pinpoints' that judge. (*Augustyn* [v. *Superior Court* (1986) 186 Cal.App.3d 1221, 1228].) [¶] Thus, for a case assignment to be an all purpose assignment, two prerequisites must be met. First, the method of assigning cases must 'instantly pinpoint' the judge whom the parties can expect to ultimately preside at trial. Second, that same judge must be expected to process the case 'in its totality' (*Woodman, supra,* 196 Cal.App.3d at p. 421), from the time of the assignment, thereby 'acquiring an expertise regarding the factual and legal issues involved, which will accelerate the legal process.' (*Shipp* v. *Superior Court* [(1992)] 5 Cal.App.4th [147,] 151.) '[C]omplicated and potentially long drawn-out case[s]' are particularly conducive to all purpose assignments. (*Zdonek* v. *Superior Court, supra,* 38 Cal.App.3d 849, 856 (dis. opn. of Kingsley, J.); cf. Cal. Stds. Jud. Admin., § 19, subds. (c), (d) . . . [in civil cases, 'complex litigation,' i.e., litigation that involves 'multiple related cases, extensive pretrial activity, extended trial times, difficult or novel issues, and postjudgment judicial supervision,' for instance, 'should be assigned to one judge for all purposes'].)" (Fns. omitted.) Quite obviously, the description of a for-all-purpose is assignment in *Lavi*, one that will " 'instantly pinpoint' " the trial judge who will process the case " 'in its totality' " cannot apply to a discovery referee. A referee appointed pursuant to section 639, subdivision (e) conducts hearings and makes recommendations to a judge concerning discovery disputes. (*Rockwell Internat. Corp.* v. *Superior Court* (1994) 26 Cal.App.4th 1255, 1269 [32 Cal.Rptr.2d 153]; *Marathon Nat. Bank* v. *Superior Court* (1993) 19 Cal.App.4th 1256, 1260-1261 [24 Cal.Rptr.2d 40].) The

discovery referee does not try the case. Hence, for purposes of section 170.6, the discovery referee in this case was not acting in the manner of a for-all-purposes judge. Of course, it bears emphasis that *Autoland, Inc.* was decided in 1988 while *Lavi*, which for the first time definitively construed the for-all-purposes assignment language in section 170.6, subdivision (2), was not decided until 1993.

The question remains though as to when should defendant's peremptory challenge have been filed in order to be timely in this case. Section 170.6, subdivision (2) does not directly advert to the timeliness of a peremptory challenge to a discovery referee. Therefore, the relevant language in section 170.6, subdivision (2) is as follows: "In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be." In this case, the referee's identity is known to the parties. Hence, the most applicable timeliness requirement in terms of the current writ petition is the so-called "10-day/5-day rule" (*People v. Superior Court (Lavi), supra,* 4 Cal.4th at pp. 1182-1185; *Stevens* v. *Superior Court* (1997) 52 Cal.App.4th 55, 59 [60 Cal.Rptr.2d 397]), which is as follows: "Where the judge, other than a judge assigned to the case for all purposes, court commissioner, or referee assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date." (§ 170.6, subd. (2).) In the present case, since the peremptory challenge was filed before the scheduling of any additional proceedings before the discovery referee, certainly more than five days before a hearing, it was timely. As a result, defendant's disqualification motion should have been granted.

Let a peremptory writ of mandate issue directing the respondent court to issue a new order disqualifying the discovery referee pursuant to Code of Civil Procedure section 170.6. All parties are to bear their own costs in connection with these extraordinary writ proceedings.

Godoy Perez, J., and Kriegler, J.,* concurred.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, *section 6 of the California Constitution.*